UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE DANCIER JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, FBI AGENTS, CHELF DOUGLAS R. HIBBARD, ROGER ANDOH, DIRECTOR CHESTER B. LONGGCOR, BRYAN K. MERCIER, and OTHER FEDEARL OFFICIALS, STATE ACTORS, AND TRIBAL JUSTICE CENTER AGENTS,<br><br>　　　　　　Defendants. | Case No. 4:21-cv-00452-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lawrence Dancier Jackson's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 2, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant with immunity from such relief. 28 U.S.C. § 1915(e)(2)(B).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

After reviewing the Complaint, the Court has determined that it is subject to dismissal for failure to state a claim upon which relief can be granted.

## REVIEW OF COMPLAINT

1. **Background**

Plaintiff is a prisoner in the custody of the Shoshone-Bannock Tribal Correctional Facility. He is "suing Federal Officials, State Actors, and Tribal Justice Center Agents who are connected legally or illegally to Dec. 6, 2019 re: FOIA request 2020-HQFO-00235." Complaint, Dkt. 2, p. 9. He believes that government agencies are conducting bio-experiments on him that are intended to transform him into a "zombie slave." Dkt. 2. p. 30. He asserts: "I have suffered and endured Torture and Involuntary Servitude to be used as an Aggrieved Person" being exploited for Counter-Intelligence by the "Intelligence Community." *Id*., p. 11 (legal citations omitted). He seeks as relief "Enforcement of the 'Fort Bridger Treaty of 1868' and 'Racketeering Influenced and Corrupt Organizations Act' and $1,000,0000." *Id*.

Plaintiff made many Freedom of Information Act (FOIA) requests of government agencies for various documents and information related to electronic surveillance, but he was provided with little, if any, information from the government agencies. Most of the responses state that the type of information Plaintiff seeks does not exist. Multiple requests and denials are attached to the Complaint.

2. **Standard of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

The United States Court of Appeals for the Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)(internal citations and punctuation omitted). A litigant's allegations *that have no basis in law or fact* include those that can be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and without an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*. at 1129.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

3. Discussion

The Court has carefully reviewed Plaintiff's Complaint and found no possible colorable cause of action in light of the fanciful nature of the allegations underlying his FOIA requests. For example, the United States Department of Justice, Antitrust Division, wrote to Plaintiff to inform him that the following records do not exist: "(1) Hypersonic sound (Woody Norris' 44th patent 15th invention); and (2) infrasound telemetry, the internet transmission of electroence [sic] philography signals assessed by a canonical correlated assessment algorithm (CCA)." Dkt. 2, p. 32. Plaintiff's other requests are similar. Government agencies cannot produce documents that do not exist. The nature of Plaintiff's requests show that his efforts to find government records related to transforming inmates into zombie slaves is unlikely to exist.

Plaintiff's other civil rights causes of action filed in this Court are of a similar nature, and Plaintiff was not able to state a claim after being given opportunity to file an amended complaint. See 4:21-cv-0036-DCN, 4:21-cv-00145-DCN, 4:21-cv-00415-DCN, and 4:21-cv-000062-DCN. The Court concludes that this Complaint lacks merit entirely and cannot be saved by amendment. It would be a waste of public resources to entertain yet another amended complaint filled with fanciful allegations.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint (Dkt. 2) is DISMISSED with prejudice for frivolousness and failure to state a claim upon which relief can be granted, and the Application to Proceed in forma Pauperis (Dkt. 1) is DENIED as MOOT.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

DATED: March 14, 2022

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**